IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORFOLK SOUTHERN RAILWAY COMPANY
3 Commercial Place
Norfolk, VA 23510

and

NORFOLK SOUTHERN CORPORATION,
3 Commercial Place
Norfolk, VA 23510

Plaintiffs,

v.

DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, an agency of the State of Delaware
89 Kings Highway
Dover, DE 19901

and

DAVID S. SMALL, individually and as Secretary of the Delaware Department of Natural Resources and Environmental Control,
89 Kings Highway
Dover, DE 19901

Defendants.

CIVIL ACTION NO.: 1:15-CV-1111

**COMPLAINT FOR DECLARATORY RELIEF**

Norfolk Southern Railway Company ("NSRC") and Norfolk Southern Corporation ("NSC" and collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action for Declaratory Relief to stay and enjoin the Order (as hereinafter defined) and

actions of the Delaware Department of Natural Resources and Environmental Control ("DNREC") and its Secretary, David S. Small (collectively, "Defendants"), and to invoke this Court's original and exclusive jurisdiction as the successor to the Special Court-Regional Rail Reorganization Act over matters concerning property conveyance and claims of successor liability asserted against Plaintiffs. In support thereof, Plaintiffs aver as follows:

**THE PARTIES**

1. Plaintiff NSRC is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 3 Commercial Place, Norfolk, Virginia 23510.

2. Plaintiff NSC is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 3 Commercial Place, Norfolk, Virginia 23510.

3. Defendant DNREC is an agency of the State of Delaware, with its principal place of business at 88 Kings Highway, Dover, Delaware 19901.

4. Defendant David S. Small is an individual and is Secretary of DNREC, with his principal place of business at 88 Kings Highway, Dover, Delaware 19901.

**JURISDICTION**

5. This Court has original and exclusive jurisdiction over this action by virtue of Sections 209(e) and 209(g) of the Regional Rail Reorganization Act of 1973, as amended ("Rail Act", 45 U.S.C. § 701 et seq.), Rail Act, 45 U.S.C. § 719(e), (g), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Pursuant to Section 209(e)(2) of the Rail Act, 45 U.S.C. § 719(e)(2), this Court has original and exclusive jurisdiction over actions involving the interpretation and implementation of conveyance orders entered by this Court and

documents executed in accordance with those orders. Pursuant to Section 209(g) of the Rail Act, 45 U.S.C. § 719(g), this Court may stay or enjoin any action or proceeding in any State or Federal Court, other than the United States Supreme Court, if such action is contrary to the provisions of the Rail Act or any orders of this Court pursuant thereto. This Court has also held that this power includes the power to stay the actions of state or federal administrative agencies, as well. *Consolidated Rail Corp. v. Pittsburgh & L. E. R. Co.*, 459 F. Supp. 1013, 1018 (Sp. Ct. RRRA 1978).

6. There is a case of actual controversy between Plaintiffs and Defendants that is within this Court's original and exclusive jurisdiction, and that controversy has ripened to the point at which an affirmative declaration from this Court is needed. This Court is authorized, pursuant to the Declaratory Judgment Act, to declare the rights and other legal relations of the parties. *See* 28 U.S.C. § 2201(a).

7. Given that the Rail Act provides for exclusive jurisdiction in this Court for claims seeking to assert successor liability against Conrail, the District Court of the United States District Court for the District of Columbia sitting as the Special Court is the only Court that can provide the declaratory relief to NSRC, as the successor in title to Conrail.

8. Pursuant to Section 209(e)(2) of the Rail Act, 45 U.S.C. § 719(e)(2), this Court also has original and exclusive jurisdiction over actions involving orders entered by this Court involving the "conveyance, transfer, or use of an asset…which is subject to the order….", including the conveyance of the property subject to the Order.

**THE DELAWARE ACTION**

9. On or about June 15, 2015, Defendants issued a Notice of Secretary's Order ("Order") against Plaintiffs, notifying them of their alleged liability under Delaware's

Hazardous Substance Cleanup Act, 7 *Del. C.* § 9101 *et seq*. ("HSCA") and implementing regulations, and ordering Plaintiffs to, among other things, conduct an investigation and remedial action on approximately 1.1 acres of property identified as an area of contamination ("AOC"), alleged to be owned by Plaintiffs (the "Delaware Action"). A true and correct copy of the Order is attached hereto as Exhibit "A".

10. The Order incorrectly names NSRC "a/k/a Norfolk Southern Corporation". NSC is not a proper party. NSC is a publicly traded company and is a distinct legal entity from NSRC. NSC does not own or operate any of the property that is the subject of this action, and does not operate railroad in the State of Delaware.

**THE PROPERTY**

11. Upon information and belief, Plaintiffs do not own any part of the AOC.

12. To the extent some or all of the AOC is owned by NSRC (which Plaintiffs dispute), i) Consolidated Rail Corporation ("Conrail") would have acquired some or all of the AOC on April 1, 1976, from the Trustee of Philadelphia, Baltimore and Washington Railroad Company ("PB&W"), as described below, and ii) NSRC would have acquired some or all of the AOC from Conrail, which would have transferred title to its subsidiary Pennsylvania Lines, LLC in 1999 (a true and correct copy of the 1999 Deed is attached hereto as Exhibit "B") which merged with and into NSRC in 2004, and thus NSRC would be Conrail's successor in title.

13. Conrail was created as a federally-funded takeover of the major railroad companies in the Northeast through the Rail Act, 45 U.S.C. § 701, *et seq.*

14. Pursuant to Section 206 of the Rail Act, 45 U.S.C. § 716, the United States Railway Association ("USRA") developed the Final System Plan ("Plan") in which it designated certain assets of the then-bankrupt railroads for conveyance to Conrail.

15. Pursuant to Section 209(c) of the Rail Act, 45 U.S.C. § 719(c), the USRA certified to this Court the rail properties of PB&W designated in the Plan were to be conveyed to Conrail.

16. Pursuant to Section 303 of the Rail Act, 45 U.S.C. § 743, this Court issued a Conveyance Order filed March 25, 1976 ("Conveyance Order") directing the Trustee of the PB&W to execute documents, effective April 1, 1976, conveying certain of PB&W's rail properties to Conrail "free and clear of any liens or encumbrances" under Section 303(b)(2) of the Rail Act, 45 U.S.C. § 743(b)(2). The Trustee of the property of PB&W transferred title to property to Conrail by order of the Special Court ("Conveyance"), although the deed was not recorded until October 2, 1978. A true and correct copy of the 1978 Deed is attached hereto as Exhibit "C".

17. This Court has reinforced Congress's intent in declaring that the Rail Act provided Conrail with a legal and financial "fresh start" to commence a financially viable railroad operation. *See Penn Central Corp. v. United States*, 862 F. Supp. 437, 446 (Sp. Ct. RRRA 1994); *Consolidated Rail Corp. v. Commonwealth of Pa., Dep't of Gen. Svcs.*, No. 97-RR-01 (CRW) (D.D.C. 1997).

18. In light of the Rail Act's "fresh start" policy, this Court has concluded that the Conveyance shields Conrail from successor liability arising from the acts or omissions of PB&W and the other railroads which conveyed their rail properties to Conrail. *See Consolidated*

*Rail Corp. v. United States*, 883 F. Supp. 1565, 1576-77 (Sp. Ct. RRRA 1995); *Penn Central Corp.*, *supra*, 862 F. Supp. at 446.

19. The deed under which Conrail would have taken title to the AOC , if at all (along with other properties), attached as Exhibit "C", provides that Conrail "assumes no obligation or liability that arises after the date of delivery of this Deed out of any event, act or failure to act that occurred prior [to April 1, 1976]." Direct liability could not have been asserted against Conrail for actions of PB&W.

20. As Conrail's successor in title, direct liability cannot be asserted against NSRC for actions of PB&W.

21. To the best of their information and belief, at no time after April 1, 1976 did Conrail or NSRC conduct any operations on or cause any contamination at the AOC. NSC has never owned or operated property in the State of Delaware.

22. In light of the Rail Act's "fresh start" policy and the provisions of the deed shielding Conrail from any liability for actions that occurred prior to April 1, 1976, NSRC, to the extent it acquired the AOC from Conrail, has no successor or other liability arising from the acts or omissions of PB&W. *See Consolidated Rail Corp. v. United States*, 883 F. Supp. 1565, 1576-77 (Sp.Ct. RRRA 1995); *Penn Central*, *supra*, 862 F. Supp. at 446.

23. While the Defendants claim that Plaintiffs are liable under HSCA, there is no evidence to support such a claim.

24. This Court has affirmed that it is the final arbiter of the correct interpretation of the Rail Act and its conveyance orders and implementing documents. *See Consolidated Rail Corp.*, *supra*, 883 F. Supp. 1565.

25. To preserve its original and exclusive jurisdiction under the Rail Act, this Court has the power to stay actions against Plaintiffs which seek to impose successor liability on Plaintiffs based upon alleged pre-Conrail actions or omissions of PB&W and other railroad companies, or which seek to determine implementation and meaning of the Conveyance Order and related Deeds.

26. Accordingly, the Delaware Action directly contravenes the Rail Act and this Court's prior holdings, which provide that Plaintiffs cannot be held liable under HSCA for actions during the period prior to April 1, 1976, the date on which Conrail first began rail operations.

27. There is a case of actual controversy between Plaintiffs and Defendants that is within this Court's original and exclusive jurisdiction, and that controversy has ripened to the point at which an affirmative declaration from this Court is needed. This Court is authorized, pursuant to the Declaratory Judgment Act, to declare the rights and other legal relations of the parties. *See* 28 U.S.C. § 2201(a).

28. Given that the Rail Act provides for exclusive jurisdiction in this Court for claims seeking to assert successor liability against Plaintiffs relating to property which, upon information and belief they do not own, the District Court of the United States for the District of Columbia sitting as the Special Court is the only Court that can provide the relief Plaintiffs seek.

**COUNT I**

29. Plaintiffs incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

30. Pursuant to the Rail Act and this Court's prior holdings, Plaintiffs may not be held liable to DNREC under HSCA as successor to PB&W and other railroads for pre-Conveyance acts or omissions.

31. There is no evidence that either Plaintiffs or Conrail caused contamination at, near, or relating to the AOC.

**COUNT II**

32. Plaintiffs incorporate by reference paragraphs 1 through 31 above as though fully set forth herein.

33. Pursuant to the Rail Act and this Court's prior holdings, this Court has exclusive jurisdiction to determine the implementation and meaning of its Conveyance Order and the deeds executed pursuant thereto, including ownership of the AOC, which upon information and belief is neither owned nor operated by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request, as relief under Counts I and II of this action:

(a) that this Court stay the Delaware Action pending the resolution of this action;

(b) that this Court enter a final order declaring that Plaintiffs have no liability to DNREC under HSCA, as any such liability is based on actions occurring prior to April 1, 1976;

(c) that this Court enter a final order declaring that Plaintiffs have no liability to DNREC under HSCA as they have never owned or operated the AOC;

(d) that this Court enter an order staying any action by Defendants pending a final decision on the merits by this Court;

(d) that this Court permanently enjoin Defendants from seeking to hold Plaintiffs liable for any pre-conveyance acts or omissions or for acts or omissions relating to property which they do not own or operate.

(d) that this Court grant Defendants such other relief as may be appropriate under Counts I and II.

Date: July 13, 2015

/s/ K. Edward Raleigh (1013444)

K. Edward Raleigh, Esq.
DC Bar No. 1013444
**FOX ROTHSCHILD LLP**
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
Telephone: (202) 696-1479
Facsimile: (202) 461-3102
keraleigh@foxrothschild.com

*Attorneys for Plaintiffs,*
*Norfolk Southern Railway Company and Norfolk Southern Corporation*

Of Counsel:

Sharon Oras Morgan, Esq.
FOX ROTHSCHILD, LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801
Telephone: 302) 654-7444
Facsimile: (302) 656-8920
smorgan@foxrothschild.com